

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. V. B. Goar
County Attorney
Blanco County
Johnson City, Texas

Dear Sir:

                    Opinion No. O-1844
                    Re:  Can the Commissioners Court
                         of Blanco County legally loan
                         $1,500 from the Blanco County
                         Special Right of Way Fund to
                         Road Precinct No. 3?

        Your request for an opinion of this department
has been received and considered.  We quote the applicable
portion of your letter as follows:

        "There is about $2400.00 in the Blanco
    County Special Right of Way Fund, which is
    maintained by five cent tax per hundred dollar,
    per annum.  There will be about $1900.00 in
    this fund, after the payment of a $500.00 bond,
    and interest is paid.  This tax was voted by
    the citizens of the entire County of Blanco.

        "Road Precinct No. Three desires to borrow
    $1500.00 of this fund.  Question:  Can the Com-
    missioners Court of Blanco County, Texas, leg-
    ally make this loan?"

        It is apparent from your letter of January 19,
1940 that the Blanco County Special Right of Way Fund is
clearly a sinking fund, and is a fund created for extin-
guishing and paying a funded debt.

        In the Revised Civil Statutes, we find only
three Articles which provide for the investment of sink-
ing funds, such as here involved.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. V. B. Goar, Page 2

"Article 779. Investment of sinking fund. -
The Commissioners' Courts may invest sinking funds
accumulated for the redemption and payment of any
bonds issued by such county, political subdivision
or defined district thereof, in bonds of the United
States, of Texas, or any county in this State; or
in bonds of the Federal Farm Loan Bank System. No
such bonds shall be purchased which, according to
their terms, mature at a date subsequent to the time
of maturity of the bonds for the payment of which
such sinking fund was created."

"Article 836. Investments. - The legally
authorized governing body of any county, city or
town, or the trustees of any school district or
school community, may invest their respective sink-
ing funds for the redemption and payment of the
outstanding bonds of such county, city or town,
or community, in bonds of the United States, war-
savings certificates, and certificates of indebted-
ness issued by the Secretary of the Treasury of
the United States, and in bonds of Texas, or any
county of this State, or of any incorporated city
or town. No such bonds shall be purchased which,
according to their terms, mature at a date subse-
quent to the time of maturity of the bonds for the
payment of which such sinking fund was created."

"Article 837. Secondary Investments. - In
the event a governing body is unable to purchase
securities of the character mentioned in the pre-
ceding article, which mature at a date prior to
the time of maturity of the bonds for the payment
of which such sinking fund was created, then they
may invest such funds in the bonds of any school
district or school community authorized to issue
bonds, under the same restrictions as provided in
the preceding article."

It is the settled law of this State that commis-
sioners courts are courts of limited jurisdiction, having
only such powers, duties and authority as the Legislature
may confer upon them. In the absence of such conferred
authority or power the commissioners court has none. See
El Paso vs. Elam, 106 S.W. (2d) 393; Howard vs. Henderson
County, 116 S.W. (2d) 479.

195

It will be observed that no provision is made in the three Articles set out above for any loan, investment, or disposition of the sinking fund of a political subdivision such as is contemplated by the Commissioners Court of Blanco County.

Therefore, it is the opinion of this department, and you are respectfully advised that the Commissioners Court of Blanco County cannot lawfully loan the $1,500.00 taken from the Blanco County Special Right of Way Fund to Road Precinct No. 3.

Trusting that the above satisfactorily answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____

Wm. J. Fanning
Assistant

By _____

Grundy Williams

APPROVED FEB 6, 1940

GW:pbp

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN